THE COUNTY OF TAZEWELL

v.

McENROW & Co., use, etc.

CLAIM AGAINST COUNTY—APPEAL FROM BOARD OF SUPERVISORS—WHEN MAY BE TAKEN.—Where a claim against a county was presented to the board of supervisors for allowance, referred to a committee who reported it back to the board, and thereupon a resolution to disallow and reject said claim was laid upon the table, and no further action taken in respect to such claim, *held*, that there was no such action by the board as could be appealed from, and the Circuit Court erred in not dismissing the appeal.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 11, 1879.

Mr. W. L. PRETTYMAN, for appellant; argued that when the swamp lands were sold by the county, the proceeds were simply held for lawful corporate purposes of the county and could not be expended for special purposes, and that the legislature had

County of Tazewell v. McEnrow & Co.

taken away from the county the duty to drain said lands, and cited Supervisors Whiteside Co. v. Burchell, 31 Ill. 68; Supervisors Bureau Co. v. Thompson, 39 Ill. 566.

Statutes extending the powers of corporations or increasing the burdens of taxation, should be strictly construed: Chestnutwood v. Hood, 68 Ill. 132.

Draining swamp lands is not a corporate purpose: Livingston Co. v. Weider, 64 Ill. 427.

Counties can exercise only such powers as are conferred by law: Rayburn v. Davis, 2 Bradwell, 546; County of Hardin v. McFarlan, 82 Ill. 138; Miller v. Goodwin, 70 Ill. 659.

The act revising the law in relation to counties repeals by implication all other laws on the same subject: Devine v. Co. Com'rs Cook Co. 84 Ill. 590.

Mr. John B. Cohrs and Mr. Wm. Don Maus, for appellee; contending that counties may exercise a discretion in the disposition of proceeds arising from the sale of swamp lands, cited Whiteside Co. v. Burchell, 31 Ill. 68; Bureau Co. v. Thompson, 39 Ill. 566.

Per Curiam. Appellee presented to the board of supervisors of Tazewell county in September, 1878, a claim against the county for $2,676.30 and asked to have it allowed and paid.

This claim was referred to a committee, and, after investigation, the committee reported that under the contract between the county and McEnrow & Co., the account due was payable out of the specific fund appropriated for the purpose and not out of the general funds of the county, and recommended that the claim be not allowed.

Thereupon the following resolution was offered, and on motion, laid on the table:

"*Resolved*, That the claim of McEnrow & Co., for the use of R. Frey against Tazewell county, for $2,676.30, reported upon by the committee on swamp lands on the 11th day of September, 1878, be and the same is hereby disallowed and rejected."

No other action was taken or had by the board in reference to the allowance or disallowance of this claim.

From these proceedings of the board of supervisors appellee appealed to the circuit court of Tazewell county, when a trial was had and judgment rendered against the county from which it prosecutes an appeal to this court.

At the November term of the circuit court, it being the first term after the appeal was perfected and before any other steps were taken, a motion was made by the attorney of the county to dismiss the appeal for the following reason, among others:

"Because the papers filed in the cause show that it is not a proper subject of appeal."

This motion was overruled by the court, and this ruling is now assigned for error. The statute allowing an appeal from the board of supervisors to the county court is as follows: "And when the claim of any person against a county is disallowed, in whole or in part, by the county board, and the nature of the claim is not such that the allowance is discretionary with the county board, such person may appeal from the decision of such board to the circuit court of the same county." Stat. 1874, p. 309, sec. 35.

In this case the claim was not disallowed; on the contrary, when a resolution was offered to that effect it was laid on the table. Thus the board refused to disallow the claim. True, the record does not show that the claim was allowed, but the board refused to disallow it, and no further action was taken in reference to the matter.

There was no such order of the board as could be appealed from, and the circuit court erred in not dismissing the appeal. For this error the judgment is reversed and the cause remanded, with directions to the Circuit Court to dismiss the appeal.

Reversed and remanded.